JONATHAN R. BASS (State Bar No. 75779)
SUSAN K. JAMISON (State Bar No. 131867)
CLIFFORD E. YIN (State Bar No. 173159)
SKYE LANGS (State Bar No. 287908)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email:   ef-jrb@cpdb.com,
         ef-skj@cpdb.com,
         ef-cey@cpdb.com,
         efilingSDL@cpdb.com

Attorneys for Defendants
UBER TECHNOLOGIES, INC.,
and RASIER, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| MARTIN DULBERG, individually, and on behalf of all others similarly-situated,<br><br>        Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC., and RASIER, LLC,<br><br>        Defendants. | Case No. 3:17-cv-00850-WHA<br><br>**DEFENDANTS' MOTION TO DISMISS CLASS ACTION COMPLAINT PURSUANT TO FRCP 12(b)(6)**<br><br>Judge:  Hon. The Honorable William Alsup<br>Date:    June 22, 2017<br>Time:   8 a.m.<br>Crtrm.: 8, 19th Floor<br><br>Trial Date:    None Set |

COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 22, 2017 at 8 a.m., or as soon thereafter as the matter may be heard, in Courtroom 8 of the San Francisco Courthouse for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Uber Technologies, Inc. and Rasier, LLC will, and hereby do, move the Court for an Order dismissing Plaintiff Martin Dulberg's Class Action Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This motion is made pursuant to Federal Rules of Civil Procedure Rule 12, and is based upon the accompanying Memorandum of Points and Authorities, and all the pleadings, records, and files in this action.

DATED: April 24, 2017                COBLENTZ PATCH DUFFY & BASS LLP


By:      /s/ *Jonathan R. Bass*
         _____
         Jonathan R. Bass
         Susan K. Jamison
         Clifford E. Yin
         Skye D. Langs
         Attorneys for Defendants
         UBER TECHNOLOGIES, INC., and RASIER, LLC

**DEFENDANTS' MOTION TO DISMISS CLASS ACTION COMPLAINT PURSUANT TO FRCP 12(b)(6)**

## TABLE OF CONTENTS

**Page**

INTRODUCTION.................................................................................................... 1

ISSUES TO BE DECIDED...................................................................................... 2

FACTS ALLEGED IN THE COMPLAINT............................................................ 2

I.     THE FARE EARNED BY A DRIVER IS BASED ON THE COMPLETED TRIP, NOT THE TOTAL AMOUNT PAID BY THE RIDER. ............................. 2

     A.    The TS Agreement Governs The Payment Owed To A Driver. ................... 2

     B.    "Fare" Is A Specially-Defined Term. ........................................................ 2

     C.    Drivers May Not Charge Amounts Exceeding The Calculated "Fare." ...................................................................................................... 2

     D.    The TS Agreement Equates The "Fare" With The Charges A Rider Actually Incurs Only When A Rider *Cancels* A Trip. ................................. 3

     E.    The "Default" Fare Is Not The Amount That The Rider Pays. .................... 4

     F.    The Service Fee Addendum Provides No Support For Plaintiff's Definition Of "Fare." .............................................................................. 5

ARGUMENT ........................................................................................................... 5

I.     DISMISSAL UNDER RULE 12(b)(6) IS PROPER WHEN THE COMPLAINT FAILS TO PRESENT A COGNIZABLE LEGAL THEORY OR FACTS SUFFICIENT TO STATE A CLAIM.................................................. 5

II.    THE COMPLAINT FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT. ................................................................................................. 6

     A.    The Construction of the Transportation Services Agreement is Governed by California Law, Which Requires Adherence to the Plain Language. ..................................................................................... 7

     B.    Uber Never Promised to Remit to Drivers a Percentage of What Riders Pay. ............................................................................................ 7

     C.    Plaintiff's Interpretation of Uber's Duties Is Contrary to the Text of the Agreement. ....................................................................................... 8

     D.    Plaintiff's Interpretation of the Term "Fare" Is Not the Definition in the Contract. ...................................................................................... 8

III.   PLAINTIFF'S CLAIMS FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, PROMISSORY ESTOPPEL, AND UNJUST ENRICHMENT SHOULD ALSO BE DISMISSED. ............................... 9

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · Fax 415.989.1663

**DEFENDANTS' MOTION TO DISMISS CLASS ACTION COMPLAINT PURSUANT TO FRCP 12(b)(6)**

A.   Plaintiff Has Not Stated a Claim for Breach of the Covenant of Good Faith and Fair Dealing............................................................. 9

B.   Plaintiff Cannot Assert a Promissory Estoppel Claim Based on an Enforceable Written Agreement.................................................. 10

C.   Plaintiff Has No Claim for Unjust Enrichment. ......................................... 12

CONCLUSION ................................................................................................................ 13

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

**DEFENDANTS' MOTION TO DISMISS CLASS ACTION COMPLAINT PURSUANT TO FRCP 12(b)(6)**

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Aguilar v. Int'l Longshoremen's Union Local No. 10*,
5
    966 F.2d 443 (9th Cir. 1992) ................................................................................................11

6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ....................................................................................................5, 6
7

*Baldwin v. AAA N. California, Nevada & Utah Ins. Exch.*,
8
    1 Cal.App.5th 545 (Ct. App. 2016) ........................................................................................7

9

*Beachcrete, Inc. v. Water St. Ctr. Assocs., L.L.C.*,
10
    172 N.C.App. 156 (N.C. App. 2005) .....................................................................................6

11

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ..............................................................................................................5
12

*Carma Developers (Cal.), Inc. v. Marathon Dev. California, Inc.*,
13
    2 Cal.4th 342 (Cal. 1992) ......................................................................................................9

14

*Clear Channel Outdoor, Inc. v. Bently Holdings California LP*,
15
    No. C-11-2573 EMC, 2011 WL 6099394 (N.D. Cal. Dec. 7, 2011) ...................................13

16

*Darnaa, LLC v. Google Inc.*,
    No. C 15-03221 WHA, 2017 WL 679404 (N.D. Cal. Feb. 21, 2017) ...............................8, 9
17

*Durell v. Sharp Healthcare*,
18
    183 Cal.App.4th 1350 (Cal. App. 2010) ....................................................................10, 12, 13

19

*FiTeq Inc. v. Venture Corp.*,
20
    169 F.Supp.3d 948 (N.D. Cal. 2016) .....................................................................................7

21

*Grebow v. Mercury Ins. Co.*,
    241 Cal.App.4th 564 (Cal. App. 2015) ...............................................................................7, 9
22

*Gross v. Symantec Corp.*,
23
    No. C 12-00154 CRB, 2012 WL 3116158 (N.D. Cal. July 31, 2012) ................................10

24

*Guz v. Bechtel Nat'l Inc.*,
    24 Cal.4th 317 (Cal. 2000) ....................................................................................................9
25

26

*Herskowitz v. Apple Inc.*,
    940 F.Supp.2d 1131 (N.D. Cal. 2013) ...................................................................................6

27

*Hinds Inv., L.P. v. Angioli*,
28
    654 F.3d 846 (9th Cir. 2011) ..................................................................................................5

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

**DEFENDANTS' MOTION TO DISMISS CLASS ACTION COMPLAINT PURSUANT TO FRCP 12(b)(6)**

*Home Elec. Co. of Lenoir v. Hall & Underdown Heating & Air Conditioning Co.*,
    86 N.C.App. 540 (N.C. App. 1987) ........................................................................................12

*J.B. Enterprises Int'l, L.L.C. v. Sid & Marty Krofft Pictures Corp.*,
    No. CV 02-7779 CBM (SHX), 2003 WL 21037837 (C.D. Cal. Mar. 3, 2003) ........................11

*JMP Sec. LLP v. Altair Nanotechnologies Inc.*,
    880 F.Supp.2d 1029 (N.D. Cal. 2012) ..................................................................................11

*Johnson v. Fed. Home Loan Mortg. Corp.*,
    793 F.3d 1005 (9th Cir. 2015) ............................................................................................6, 7

*Laks v. Coast Fed. Sav. & Loan Assn.*,
    60 Cal.App. 3d 885 (Cal. App. 1976) ..................................................................................11

*Lane v. Scarborough*,
    284 N.C. 407 (N.C. 1973) ....................................................................................................10

*Lewis v. YouTube, LLC*,
    224 Cal.App.4th 118 (Cal. App. 2015) ...............................................................................7, 8

*Marder v. Lopez*,
    450 F.3d 445 (9th Cir. 2006) ..................................................................................................7

*Paracor Fin., Inc. v. GE Capital Corp.*,
    96 F.3d 1151 (9th Cir. 1996) ................................................................................................12

*Parrish v. Nat'l Football League Players Ass'n*,
    534 F.Supp.2d 1081 (N.D. Cal. 2007) ...................................................................................6

*Plasman v. Decca Furniture (USA), Inc.*,
    No. 12 CVS 2832, 2016 WL 6208639 (N.C. Super. Oct. 21, 2016) ........................................6

*Robinson v. HSBC Bank USA*,
    732 F.Supp.2d 976 (N.D. Cal. 2010) ...................................................................................12

*Rongotes v. Pridemore*,
    88 N.C.App. 363 (N.C. App. 1988) .....................................................................................13

*Rosen v. State Farm Gen. Ins. Co.*,
    30 Cal.4th 1070 (Cal. 2003) ...............................................................................................7, 9

*S. California Counseling Ctr. v. Great Am. Ins. Co.*,
    162 F.Supp.3d 1045 (C.D. Cal. 2014) ....................................................................................7

*Solano v. Am.'s Servicing Co.*,
    No. 2:10-cv-02426-GEB-GGH, 2011 WL 4500874 (E.D. Cal. Sept. 27, 2011) ....................13

*Stanford Univ. Hosp. v. Fed. Ins. Co.*,
    174 F.3d 1077 (9th Cir. 1999) ................................................................................................8

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

**DEFENDANTS' MOTION TO DISMISS CLASS ACTION COMPLAINT PURSUANT TO FRCP 12(b)(6)**

*Suntrust Bank v. Bryant/Sutphin Props., LLC*,
    222 N.C.App. 821 (N.C. App. 2012) ...........................................................................10

*TRB Inv., Inc. v. Fireman's Fund Ins. Co.*,
    40 Cal.4th 19 (Cal. 2006) ...........................................................................................7

*Tritz v. U.S. Postal Serv.*,
    721 F.3d 1133 (9th Cir. 2013) ....................................................................................6

*US Ecology, Inc. v. State*,
    129 Cal.App.4th 887 (Cal. App. 2005) ......................................................................11

*Vetco Concrete Co. v. Troy Lumber Co.*,
    256 N.C. 709 (N.C. 1962) .........................................................................................13

*Walker v. KFC Corp.*,
    728 F.2d 1215 (9th Cir. 1984) ..................................................................................11

*Wright v. Oregon Metallurgical Corp.*,
    360 F.3d 1090 (9th Cir. 2004) ...................................................................................6

*Zepeda v. PayPal, Inc.*,
    777 F.Supp.2d 1215 (N.D. Cal. 2011) ........................................................6, 7, 10, 12

**Statutes & Rules**

Cal. Civ. Code § 1636 ...........................................................................................................7

Cal. Civ. Code § 1638 ...........................................................................................................7

Cal. Civ. Code § 1639 ...........................................................................................................7

Cal. Civ. Code § 1644 ........................................................................................................7, 9

Rule 12(b)(6) .........................................................................................................................5

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

**DEFENDANTS' MOTION TO DISMISS CLASS ACTION COMPLAINT PURSUANT TO FRCP 12(b)(6)**

Coblentz Patch Duffy & Bass LLP

One Montgomery Street, Suite 3000, San Francisco, California 94104-5500

415.391.4800 · Fax 415.989.1663

## INTRODUCTION

Plaintiff Martin Dulberg alleges that Uber Technologies, Inc. and its subsidiary Rasier, LLC (collectively, "Uber") breached the contract entered into with him (and other drivers with Uber), and that the breach unfairly deprived him of some portion of the fare that he was entitled to receive on certain trips. He is wrong, on both counts. The conduct he alleges cannot be a breach of his contract with Uber, because it honors the express terms of that agreement. The gist of Plaintiff's Complaint is that he is receiving his agreed-upon percentage of the fare based on the time and distance that he actually drives each rider. That is precisely the arrangement he accepted when he signed up to drive with Uber, and there is nothing unfair about it. The contract is attached to the Complaint, and there can be no dispute regarding its terms. Those terms do not support the claims set forth in the Complaint, which should therefore be dismissed.

The Uber software application ("Uber App") enables independent drivers ("Drivers") to receive transportation requests from riders. Plaintiff alleges that Uber promised Drivers that their payments would be based on the actual charges to riders. (Compl. ¶¶ 2-3, 19-20, 21-24.) Not so. Under the Technology Services Agreement ("TS Agreement") attached to the Complaint, the only payment to which a Driver is entitled for a completed trip is the "Fare" produced by the "Fare Calculation," consisting of a base amount plus distance and/or time rates. (TS Agreement, Exh. 1 to Compl. ¶ 4.1.; Service Fee Addendum ("Addendum"), Exh. 2 to Compl.) Uber never agreed that the "Fare" payable to a Driver would be equal to (or no lower than) the rider "charge." Nor is "Fare" defined as the sum of rider charges. In other words, under the Agreement, and as alleged by Plaintiff, the Fare a Driver earns is based on the actual length of the journey, not any predetermined price a rider agrees to pay before the ride begins.

Words in a contract mean something. In this case, they mean that the allegations of the Complaint fail to state a claim. Uber promised that Plaintiff would be paid according to a certain Fare Calculation, and Plaintiff acknowledges that he was. Each claim alleged in the Complaint is premised on mischaracterizations of Uber's contractual obligations, is irreconcilable with the express language of that Agreement, or is otherwise facially meritless as a matter of law. Because that contract is before the Court, because its plain language is contrary to Plaintiff's theory of

**DEFENDANTS' MOTION TO DISMISS CLASS ACTION COMPLAINT PURSUANT TO FRCP 12(b)(6)**

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

1  breach, and because no amendment can cure this defect, the Complaint should be dismissed with

2  prejudice.

## ISSUES TO BE DECIDED

4      Should the Complaint be dismissed for failure to state a claim where the allegations of

5  breach of contract are contradicted by the language of the contract itself?

## FACTS ALLEGED IN THE COMPLAINT

**I.  THE FARE EARNED BY A DRIVER IS BASED ON THE COMPLETED TRIP, NOT THE TOTAL AMOUNT PAID BY THE RIDER.**

    **A.  The TS Agreement Governs The Payment Owed To A Driver.**

10      Plaintiff Martin Dulberg is a Driver in Raleigh, North Carolina. (Compl. ¶¶ 4.) His

11  relationship with Uber is governed by the TS Agreement. (*Id.* at ¶ 9.)

    **B.  "Fare" Is A Specially-Defined Term.**

13      The TS Agreement provides that Drivers will receive a calculated amount "for each

14  instance of completed Transportation services" provided to a rider via the Uber App. (TS

15  Agreement ¶ 4.1.) That monetary amount for each completed trip is produced by the "*Fare*

16  *Calculation.*" The calculation reflects a base fare amount, plus distance, and/or time amounts set

17  forth on Uber's website at www.uber.com/cities. (*Id.*) The amount generated by the Fare

18  Calculation is the "*Fare.*" (*Id.*) The TS Agreement states that "the Fare provided under the Fare

19  Calculation is the only payment you [i.e., the driver] will receive in connection with the

20  Transportation Services." (*Id.*)

21      Drivers pay a percentage of the Fare to Uber. (Compl. ¶ 17, quoting paragraph 4.4 of the

22  TS Agreement.) The applicable percentage is the "Service Fee." (Compl. ¶¶ 17-18; TS Agreement

23  ¶ 4.4.) Plaintiff alleges that, once the applicable Service Fee is subtracted, he was entitled to

24  "retain 80% of the Fare . . . for UberX rides and 72% of the Fare for . . . UberSelect rides."

25  (Compl. ¶ 18.)

    **C.  Drivers May Not Charge Amounts Exceeding The Calculated "Fare."**

27      Drivers have no contractual right to receive any amounts over and above the Fare produced

28  by the Fare Calculation. The TS Agreement makes this clear in two ways. First, paragraph 4.1

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

1  contains the following acknowledgment:

2     You acknowledge and agree that the Fare provided under the Fare
3     Calculation is <u>the only payment</u> you will receive in connection with
      the provision of Transportation Services, and that neither the Fare
4     nor the Fare Calculation includes any gratuity.

5  (TS Agreement ¶ 4.1 (emphasis added).)

6     Second, paragraph 4.7, titled "**No Additional Amounts**," provides that Uber may engage

7  in promotional activity "for the mutual benefit of the parties" seeking "to attract new Users to

8  Uber and to increase existing Users' use of Uber's mobile application," and that Uber's efforts in

9  that regard will not entitle the Driver "to any additional monetary amounts beyond the amounts

10 expressly set forth in this Agreement." (TS Agreement ¶ 4.7.)

11     **D.    <u>The TS Agreement Equates The "Fare" With The Charges A Rider Actually
          Incurs Only When A Rider *Cancels* A Trip.</u>**
12

13     Plaintiff alleges that the Agreement defines fare or Fare to be "what the customer is

14 actually charged for the ride" or "pays" for the ride. (*See, e.g.*, Compl. ¶ 2; see also ¶ 19 ("Under

15 the Agreement and Addendum, the driver is entitled to a percentage of the Fare (the fee that the

16 customer pays)"); ¶ 51 (alleging that Uber made representations in its Agreement and Addendum

17 that it would remit payments based on "a percentage of the Fare charged to passengers").)

18 According to Plaintiff, the Fare *cannot* be based on Uber's "backend calculation." (Compl, ¶¶ 22,

19 24.)

20     No language in the TS Agreement (or the Addendum) equates the Driver "Fare" with any

21 amount that Uber might "charge" riders, nor does plaintiff identify any promise by Uber that it

22 would cease using its "backend" Fare Calculation to determine the Fare in the event it changed the

23 methodology for rider charges. In fact, there is only one place in which the TS Agreement links

24 the remittance owed to a Driver with a "*charge*" to a rider. In paragraph 4.5 ("**Cancellation**

25 **Charges**"), (a) the Driver acknowledges that riders may cancel ride requests, and that Uber "may"

26 charge a cancellation fee on the Driver's behalf when that occurs, and (b) the parties agree that

27 such a fee, "*(i)f charged*," will be "deemed the Fare for the cancelled Transportation Services for

28 the purpose of remittance to you hereunder." (TS Agreement ¶ 4.5 (emphasis added).)

**DEFENDANTS' MOTION TO DISMISS CLASS ACTION COMPLAINT PURSUANT TO FRCP 12(b)(6)**

**E.**     **The "Default" Fare Is Not The Amount That The Rider Pays.**

The sole basis for Plaintiff's conclusory assertions that the Fare earned by Drivers is the amount "charged" to riders is language in the Agreement that describes the Fare as a "default" amount. (*See* Compl. ¶ 16; quoting TS Agreement ¶ 4.1.) The Complaint states that the Agreement's reference in paragraph 4.1 to the Fare as a "default" amount means that "the Fare" (as the Agreement uses that term) *must* equal "the amount that Uber charges customers." (Compl. ¶ 16.) But the contract says no such thing. It indicates that the Fare is a default amount that will govern *in the absence of a decision by the driver to charge a rider a lower price* for the rider's transportation, or to negotiate a lower "Fare" with Uber (which it thereafter denominates a "Negotiated Fare").[1] (*See* TS Agreement ¶ 4.1.)

A Driver's ability to reduce the amount charged to riders, or to negotiate a *lower* "Fare" provides no basis for the conclusory assertion that drivers are entitled to receive a portion of amounts that *exceed* the "Fare" (as calculated by the Fare Calculation) if riders are charged such amounts. (TS Agreement ¶ 4.1.) Paragraph 4.1 does not address the situation in which a rider's charge exceeds the "Fare" (as the parties use that term).

The quoted "default" language, moreover, describes the "pre-arranged Fare" as the amount that will ordinarily serve as the default amount *as between the driver and Uber*. (*Id.*) Again, it says nothing about the rider's payments to Uber, and it nowhere indicates that any "fixed" or "guaranteed" prices quoted by Uber to riders will serve as "the Fare" used to determine *payments*

---

[1] This is clear when the "default" language Plaintiff uses to support his allegations is read in context. Here is what the pertinent sentences actually say:

> [T]he parties acknowledge and agree that **as *between you and Company***, the Fare is a recommended amount, and the primary purpose of the pre-arranged Fare is to act as the default amount *in the event you do not negotiate a different amount. You* shall always have the right to: (i) charge a fare that is less than the pre-arranged Fare; or (ii) negotiate, at your request, a Fare that is lower than the prearranged Fare (each of (i) and (ii) herein, a "*Negotiated Fare*").

(*See* TS Agreement ¶ 4.1 (emphasis added).)

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

**DEFENDANTS' MOTION TO DISMISS CLASS ACTION COMPLAINT PURSUANT TO FRCP 12(b)(6)**

1  *to drivers.*[2]

2  **F.    The Service Fee Addendum Provides No Support For Plaintiff's Definition Of**
3  **"Fare."**

4        The Service Fee Addendum (Exhibit 2 to the Complaint) likewise provides no support for

5  Plaintiff's claim that he is entitled to a percentage of the charge that a rider pays. That Addendum

6  "sets forth additional terms and conditions," but nowhere suggests that Driver payments will be

7  based on the total charges assessed to riders.

8                                          **ARGUMENT**

9  **I.    DISMISSAL UNDER RULE 12(b)(6) IS PROPER WHEN THE COMPLAINT**
      **FAILS TO PRESENT A COGNIZABLE LEGAL THEORY OR FACTS**
10     **SUFFICIENT TO STATE A CLAIM.**

11       Dismissal of a complaint pursuant to Rule 12(b)(6) "is proper where there is either a lack

12 of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

13 claim." *Hinds Inv., L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011). "While a complaint attacked

14 by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

15 obligation to provide the grounds of his entitlement to relief requires more than labels and

16 conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell*

17 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and punctuation omitted).

18 Conclusory allegations are not assumed to be true and they should be disregarded. *Ashcroft v.*

19 *Iqbal*, 556 U.S. 662, 681 (2009).

20       To survive a motion to dismiss, the factual, non-conclusory allegations in the complaint

21 must be sufficient to state a claim for relief that is "plausible" on its face. *Iqbal*, 556 U.S. at 681. A

22 plausible claim requires "factual content that allows the court to draw the reasonable inference that

23 _____

24 [2] The TS Agreement also makes clear that the driver's discretion to accept less than the amount
   that he would otherwise receive under the Fare Calculation does *not* displace the Fare produced by
25 that calculation for all purposes. Notwithstanding any decision by the driver to negotiate a lower
   Fare (and thereby reduce his or her remittance), the Service Fee due to Uber continues to be the
26 applicable percentage of the "Fare determined by the Fare Calculation (*regardless of any*
   *Negotiated Fare*)." (TS Agreement ¶ 4.4 (emphasis added).)
27

28

**DEFENDANTS' MOTION TO DISMISS CLASS ACTION COMPLAINT PURSUANT TO FRCP 12(b)(6)**

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

1   the defendant is liable for the misconduct alleged." *Id*. at 678.

2       Breach of contract allegations are implausible when they are unsupported by the terms of

3   the agreement upon which they rest. *Johnson v. Fed. Home Loan Mortg. Corp.*, 793 F.3d 1005,

4   1008 (9th Cir. 2015). A court is "not required to accept as true conclusory allegations which are

5   contradicted by documents referred to in the complaint." *Wright v. Oregon Metallurgical Corp.*,

6   360 F.3d 1090, 1096 (9th Cir. 2004). Claims must be dismissed when plaintiff's allegations are

7   either contradicted or unsupported by the express terms of the contracts or other documents

8   referred to in the complaint. *Id.* at 1100; *Johnson*, 793 F.3d at 1006; *Tritz v. U.S. Postal Serv.*, 721

9   F.3d 1133, 1140 (9th Cir. 2013); *Zepeda v. PayPal, Inc.*, 777 F.Supp.2d 1215, 1219-20 (N.D. Cal.

10  2011); *Parrish v. Nat'l Football League Players Ass'n*, 534 F.Supp.2d 1081, 1097 (N.D. Cal.

11  2007).

12  **II.    THE COMPLAINT FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT.**

13      Plaintiff's claim of breach rests upon an implausible and untenable interpretation of the

14  parties' written agreement. As such, his claim is facially meritless. *Herskowitz v. Apple Inc.*, 940

15  F.Supp.2d 1131, 1141 (N.D. Cal. 2013); *Zepeda*, 777 F.Supp.2d at 1219-20.[3]

16      Plaintiff's allegation – that he is entitled to a percentage of "the fee that the customer pays,"

17  rather than a percentage of the Fare produced by the Fare Calculation after the transportation

18  services have been provided (*see* Compl. ¶¶ 19-20) – fails to state a claim for breach of contract

19  because the text of the contract is irreconcilable with that claim. Plaintiff does not identify any

20  promise by Uber to base his payments on the charges imposed on riders, or to share any such

21  charges with Drivers. Rather, the Agreement provides that Uber will remit to the Driver a

22  percentage of the Fare produced by the Fare Calculation.

---

23

24  [3] Should Plaintiff assert that North Carolina, rather than California, law applies, the outcome would be the same. *Beachcrete, Inc. v. Water St. Ctr. Assocs., L.L.C.*, 172 N.C.App. 156, 159-160

25  (N.C. App. 2005) (affirming dismissal of plaintiff's claim for breach of surety bond, where terms of bond require claims to be brought within a year of cessation of work, and plaintiff failed to do

26  so); *Plasman v. Decca Furniture (USA), Inc.*, No. 12 CVS 2832, 2016 WL 6208639, at *5 (N.C. Super. Oct. 21, 2016) (dismissing breach of contract claims "defeated by the actual terms" of the

27  agreements at issue).

28

**DEFENDANTS' MOTION TO DISMISS CLASS ACTION COMPLAINT PURSUANT TO FRCP 12(b)(6)**

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

A. **The Construction of the Transportation Services Agreement is Governed by California Law, Which Requires Adherence to the Plain Language.**

The interpretation of the TS Agreement is governed by California law. (TS Agreement ¶ 15.1.) The interpretation of a contract is a matter of law for the court to decide. *FiTeq Inc. v. Venture Corp.*, 169 F.Supp.3d 948, 955 (N.D. Cal. 2016).

The Court's interpretation must "give effect to the mutual intention of the parties," as it existed at the time the contract was formed. Cal. Civ. Code § 1636; *TRB Inv., Inc. v. Fireman's Fund Ins. Co.*, 40 Cal.4th 19, 27 (Cal. 2006). When a contract is written, "the intention of the parties is to be ascertained from the writing alone, if possible." Cal. Civ. Code § 1639.

"The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity." Cal. Civ. Code § 1638; *Marder v. Lopez*, 450 F.3d 445, 449 (9th Cir. 2006); *Lewis v. YouTube, LLC*, 224 Cal.App.4th 118, 125 (Cal. App. 2015).

Any special meaning given to a term by the parties prevails over its ordinary or popular meaning. Cal. Civ. Code § 1644. Courts are not in the business of disregarding the actual language parties use in their contract, including the definitions the parties have assigned to specific terms. *See Rosen v. State Farm Gen. Ins. Co.*, 30 Cal.4th 1070, 1073 (Cal. 2003); *Grebow v. Mercury Ins. Co.*, 241 Cal.App.4th 564, 573 (Cal. App. 2015), as modified on denial of reh'g (Oct. 26, 2015).

Just as courts do not disregard the parties' intent to use a term in a special, defined way, they do not re-write a clear and unambiguous agreement by *adding* a special definition, or any other term, that the agreement itself does not supply. *Rosen*, 30 Cal.4th at 1073; *Baldwin v. AAA N. California, Nevada & Utah Ins. Exch.*, 1 Cal.App.5th 545, 555 (Ct. App. 2016), as modified (July 13, 2016); *see also S. California Counseling Ctr. v. Great Am. Ins. Co.*, 162 F.Supp.3d 1045, 1052-53 (C.D. Cal. 2014).

B. **Uber Never Promised to Remit to Drivers a Percentage of What Riders Pay.**

Because each of Plaintiff's claims is predicated on an interpretation of the TS Agreement that the text does not support, the Complaint should be dismissed. *Johnson*, 793 F.3d at 1006; *Zepeda*, 777 F.Supp.2d at 1219-20.

While Plaintiff alleges that Uber promised to base remittances to Drivers on the amount charged to riders, the Agreement itself provides no factual basis for this claim. The TS Agreement does not entitle Drivers to a percentage of the total amount riders are charged. To the contrary, it expressly provides that the driver's "Fare is calculated based upon a base fare amount plus distance . . . and/or time amounts, as detailed at www.uber.com/cities for the applicable Territory ('Fare Calculation')." (TS Agreement, ¶ 4.1.)

Nor does the Agreement tie a driver's remittance to the amount of the rider's *payment*. Plaintiff asserts that the "Fare" earned by the Driver, and the fee paid by the rider, are one and the same thing. (*See, e.g.*, Compl. ¶ 19.) But these conclusions, untethered to – indeed, contrary to – the language of the TS Agreement, cannot support Plaintiff's claims.

## C.     <u>Plaintiff's Interpretation of Uber's Duties Is Contrary to the Text of the Agreement.</u>

The contention that Drivers are entitled to an amount *greater* than the Fare Calculation is further refuted by the terms of the TS Agreement. Plaintiff agreed that his remittance would be based *solely* on the Fare Calculation. (TS Agreement. ¶ 4.1 ("You acknowledge and agree that the Fare provided under the Fare Calculation is the only payment you will receive in connection with the provision of Transportation Services.") Drivers expressly disclaim a right to any "additional monetary amounts" generated by Uber's promotional activities. (TS Agreement ¶ 4.7.) These acknowledgements foreclose any claim that Uber is contractually obligated to pay drivers an amount greater than the Fare Calculation. *See Stanford Univ. Hosp. v. Fed. Ins. Co.*, 174 F.3d 1077, 1086-87 (9th Cir. 1999); *Darnaa, LLC v. Google Inc.*, No. C 15-03221 WHA, 2017 WL 679404, at *8 (N.D. Cal. Feb. 21, 2017); *Lewis*, 244 Cal.App.4th at 126.

## D.     <u>Plaintiff's Interpretation of the Term "Fare" Is Not the Definition in the Contract.</u>

The TS Agreement defines Fare as the amount "you [the driver] are entitled to charge . . . for each instance of completed Transportation Services provided to a User that are obtained via the Uber Services ("Fare"), where such Fare is calculated based upon the base fare amount plus distance . . . and/or time." (TS Agreement ¶ 4.1.)

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

DEFENDANTS' MOTION TO DISMISS CLASS ACTION COMPLAINT PURSUANT TO FRCP 12(b)(6)

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

1    Ignoring the language of the TS Agreement, Plaintiff asserts that "[t]he Fare . . . is the

2   amount that Uber charges passengers" (Compl. ¶ 16), and that "[t]here is one Fare. Passengers pay

3   it and drivers are supposed to be compensated based on it." (Compl. ¶ 41.) But that

4   characterization has no legal weight. The words of the contract itself control, as against a

5   complaint's characterization of it. *See* Cal. Civ. Code § 1644; *Grebow*, 241 Cal.App.4th at 571, as

6   modified on denial of reh'g (Oct. 26, 2015); *see also Rosen*, 30 Cal.4th at 1073. The "Fare," as

7   defined in the TS Agreement, is *not* the amount that riders are "charged." The "Fare" is the product

8   of the time/distance/base amount calculation set forth in Uber's website (TS Agreement ¶ 4.1),

9   unless a rider cancels a requested trip. (TS Agreement ¶ 4.5.)

10   **III.   PLAINTIFF'S CLAIMS FOR BREACH OF THE COVENANT OF GOOD FAITH
     AND FAIR DEALING, PROMISSORY ESTOPPEL, AND UNJUST ENRICHMENT

11   SHOULD ALSO BE DISMISSED.**

12      **A.   Plaintiff Has Not Stated a Claim for Breach of the Covenant of Good Faith
             and Fair Dealing.**

13

14   The second claim, for breach of the implied covenant of good faith and fair dealing, must

15   also be dismissed for failure to state a claim. The core allegation supporting this claim – that by

16   "charging a greater Fare to riders than the calculation used to determine payment to drivers," Uber

17   denies drivers the "full benefits they are entitled to under the parties' agreement" (Compl. ¶ 47) –

18   provides no support for a claim for breach of the implied covenant of good faith and fair dealing.

19   The covenant of good faith and fair dealing protects a party's contractual expectations, and

20   "prevent[s] one contracting party from unfairly frustrating the other party's right to receive *the*

21   *benefits of the agreement actually made*." *Guz v. Bechtel Nat'l Inc.*, 24 Cal.4th 317, 349 (Cal.

22   2000) (emphasis in original). But the implied covenant cannot be invoked for the purpose of

23   changing the substance of the contract or any of its specific terms. *Id.* at 350. A "good faith and

24   fair dealing" claim cannot lie where the contract expressly permits the conduct complained of, or

25   precludes liability for that conduct. *Carma Developers (Cal.), Inc. v. Marathon Dev. California,*

26   *Inc.*, 2 Cal.4th 342, 374 (Cal. 1992); *Darnaa, LLC*, 2017 WL 679404, at *8.

27   Plaintiff does not claim that Uber remitted amounts to him that were less than the "Fare"

28   produced by the "backend calculation." He is claiming instead that Uber breached the implied

**DEFENDANTS' MOTION TO DISMISS CLASS ACTION COMPLAINT PURSUANT TO FRCP 12(b)(6)**

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

1   covenant by failing to remit amounts *over and above* the amounts produced by that calculation

2   when riders are charged such higher amounts. But Uber never agreed to base the "Fare" payable to

3   Drivers on the amounts riders pay (or are charged) for completed rides, and Drivers expressly

4   acknowledge that they will receive the Fare produced by the Fare Calculation (and no additional

5   amounts). (*See* TS Agreement ¶¶ 4.1, 4.7.)

6       There is an additional reason why the good faith and fair dealing claim should be

7   dismissed: it is entirely derivative of the breach of contract claim. The good faith and fair dealing

8   claim rests on no additional facts, no promises or representations outside of the TS Agreement,

9   and no claims for breach that differ from those asserted in the breach of contract claim. (*See*

10  Compl. ¶¶ 44-48.) A good faith and fair dealing claim that merely parrots an express breach of

11  contract claim should be dismissed. *Durell v. Sharp Healthcare*, 183 Cal.App.4th 1350, 1369 (Cal.

12  App. 2010); *Zepeda*, 777 F.Supp.2d at 1221; *Gross v. Symantec Corp.*, No. C 12-00154 CRB,

13  2012 WL 3116158, at *13 (N.D. Cal. July 31, 2012)[4]

14      **B.   Plaintiff Cannot Assert a Promissory Estoppel Claim Based on an Enforceable**
       **Written Agreement.**

15

16      The third claim for relief, for promissory estoppel, alleges that Plaintiff relied to his

17  detriment on the "clear and unambiguous" promise (allegedly made *in the Agreement*) to remit to

18  Drivers a percentage of the amount paid by riders. (Compl. ¶¶ 51-53.) These allegations fail to

19  state a promissory estoppel claim.[5]

20  _____

21  [4] If this cause of action were evaluated under North Carolina law, the result would be the same.

22  North Carolina does not regard the implied covenant as separate from the obligations of the
    contract; claims for its breach rise and fall with the claim for breach of contract; and North

23  Carolina does not countenance implying a term in an agreement that cannot be squared with the
    agreement itself. *Suntrust Bank v. Bryant/Sutphin Props., LLC*, 222 N.C.App. 821, 833 (N.C. App.

24  2012) (declining to grant judgment in favor of plaintiff on claim for breach of the covenant of
    good faith and fair dealing where jury found no breach of the express contract, concluding that "it

25  would be illogical for this Court to conclude that plaintiff somehow breached implied terms of the
    same contracts"); *Lane v. Scarborough*, 284 N.C. 407, 411 (N.C. 1973) (declining to imply terms

26  into a contract that are "inconsistent with the expressed provisions").

27  [5] Under California law, promissory estoppel requires (1) a clear and unambiguous promise, (2)
    reliance on that promise, (3) the reliance is reasonable and foreseeable, and (4) injury results from

28  (footnote continued)

**DEFENDANTS' MOTION TO DISMISS CLASS ACTION COMPLAINT PURSUANT TO FRCP 12(b)(6)**

First, Plaintiff fails to identify any "clear and unambiguous" promise to base Drivers' remittances on amounts paid by the rider. The only provision in the Agreement entitling a Driver to a remittance based on a charge to a rider concerns a cancellation fee, as previously explained. (TS Agreement ¶ 4.5.) In all other cases, the driver's remittance is limited to the Fare produced by the Fare Calculation. (TS Agreement ¶ 4.1.) Because Plaintiff has not plausibly alleged the first element of a promissory estoppel claim – a "clear and unambiguous promise" – this claim fails as a matter of law. *Laks v. Coast Fed. Sav. & Loan Assn.*, 60 Cal.App. 3d 885, 893 (Cal. App. 1976) (affirming dismissal of promissory estoppel claim without leave to amend where conditional loan commitment did not contain a "clear and unambiguous" promise to loan a specified amount of money); *see also Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443, 446 (9th Cir. 1992).

Second, a promissory estoppel claim does not lie when the parties' obligations are expressed in an enforceable written contract creating mutual obligations. *Walker v. KFC Corp.*, 728 F.2d 1215, 1220 (9th Cir. 1984); *JMP Sec. LLP v. Altair Nanotechnologies Inc.*, 880 F.Supp.2d 1029, 1041-42 (N.D. Cal. 2012). Here, the claim for promissory estoppel rests entirely on promises supposedly made *in the Agreement*. As there is no allegation that the Agreement is invalid, or that Uber promised to do something beyond what is stated in the agreement, the claim must be dismissed. *See Walker*, 728 F.2d at 1220; *JMP Sec. LLP*, 880 F.Supp.2d at 1041-42.

Third, a promissory estoppel claim does not give a party a "second bite at the apple" if his breach of contract claim fails. *Walker*, 728 F.2d at 1220; *J.B. Enterprises Int'l, L.L.C. v. Sid & Marty Krofft Pictures Corp.*, No. CV 02-7779 CBM (SHX), 2003 WL 21037837, *4 (C.D. Cal. Mar. 3, 2003). Because Plaintiff's claim for breach of contract is irreconcilable with the written agreement itself, his promissory estoppel claim (which is based entirely on promises supposedly made within the four corners of that agreement), fails as well.[6]

_____

the reliance. *US Ecology, Inc. v. State*, 129 Cal.App.4th 887, 901 (Cal. App. 2005)

[6] Plaintiff's claim would also be dismissed under North Carolina law, albeit for different reasons. (footnote continued)

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

**DEFENDANTS' MOTION TO DISMISS CLASS ACTION COMPLAINT PURSUANT TO FRCP 12(b)(6)**

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

C.    **Plaintiff Has No Claim for Unjust Enrichment.**

In his final claim for relief, Plaintiff alleges that Uber has been unjustly enriched by "retain[ing] a larger portion of the passenger Fare than they promised" under the terms of the Agreement. (Compl. ¶ 61.) This claim fails for the reasons his other claims fail (and more).

First, California does not recognize a stand-alone cause of action for unjust enrichment. *Durell*, 183 Cal.App.4th at 1370. The claim may be dismissed for this reason alone, without further consideration of its merits. *Robinson v. HSBC Bank USA*, 732 F.Supp.2d 976, 987 (N.D. Cal. 2010).

Second, even if this claim is regarded as an attempt to seek restitution, it fails, as this claim, like Plaintiff's other claims, is premised on the TS Agreement (Compl. ¶¶ 61), which provides no support for Plaintiff's contention that Uber is unjustly retaining money in violation of its promises. The claim that Uber is "unjustly" retaining the amount of the alleged "discrepancy" between riders' actual "charges" and the amount produced by Uber's "backend calculation" is entirely unsupported. Under Plaintiff's own allegations, Uber is fulfilling its bargain with Drivers by basing their remittances on the Fare Calculation. *Durell*, 183 Cal.App.4th at 1371 ("There is no equitable reason for invoking restitution when the plaintiff gets the exchange which he expected.").

Third, Plaintiff does not allege facts showing the TS Agreement to be invalid or otherwise unenforceable. "As a matter of law, an unjust enrichment claim does not lie where the parties have an enforceable express contract." *Durell*, 183 Cal.App.4th at 1370; *see also Paracor Fin., Inc. v. GE Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996) (claim for restitution based on unjust enrichment does not lie under California law "when an enforceable, binding agreement exists defining rights of the parties"); *Zepeda*, 777 F.Supp.2d at 1223 ("[A] plaintiff may recover for unjust enrichment only where there is no contractual relationship between the parties.").

---

The law of that state does not recognize promissory estoppel as a basis for affirmative relief at all. *Home Elec. Co. of Lenoir v. Hall & Underdown Heating & Air Conditioning Co.*, 86 N.C.App. 540, 543 (N.C. App. 1987).

**DEFENDANTS' MOTION TO DISMISS CLASS ACTION COMPLAINT PURSUANT TO FRCP 12(b)(6)**

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

1    Plaintiff alleges that the parties' express contract governs their relationship (Compl. ¶¶ 1, 9,

2   14-19, 36-40), and he incorporates those allegations into all of his claims for relief. (*Id.* ¶ 44, 49,

3   58.) He pleads no facts that support an inference that the parties' contract "is unenforceable or

4   ineffective for some reason." *Clear Channel Outdoor, Inc. v. Bently Holdings California LP,* No.

5   C-11-2573 EMC, 2011 WL 6099394, at *9 (N.D. Cal. Dec. 7, 2011). Having failed to allege any

6   facts "as to how the contract would be unenforceable," his claim for restitution based on unjust

7   enrichment fails as a matter of law. *Id.*; *see also Durell*, 183 Cal.App. 4th at 1370; *Solano v. Am.'s*

8   *Servicing Co.*, No. 2:10-cv-02426-GEB-GGH, 2011 WL 4500874, at *9 (E.D. Cal. Sept. 27, 2011)

9   (dismissing claim for unjust enrichment where "[n]one of Plaintiff's allegations plausibly suggest

10   that valid contracts did not exist between the parties").[7]

11   ## CONCLUSION

12    Plaintiff's claims rest on unsupported and implausible conclusions about the TS

13   Agreement, how the parties used the term "Fare," and what Uber promised. Because the contract

14   itself is before this Court, because its written terms provide no support for Plaintiff's contentions,

15   and because adopting Plaintiff's interpretation would alter the bargain that the parties actually

16   made, Plaintiff's claims should be dismissed without leave to replead.

---

24   [7] Once again, the result under North Carolina law would be the same. *Vetco Concrete Co. v. Troy*

25   *Lumber Co.*, 256 N.C. 709, 715 (N.C. 1962) (finding the trial court erred by submitting case to the
jury on a theory of unjust enrichment when an express contract governed the claims in the case);

26   *Rongotes v. Pridemore*, 88 N.C.App. 363, 368 (N.C. App. 1988) (affirming denial of recovery for
alleged unjust enrichment where doing so would "operate to alter the terms of an enforceable

27   contract").

**DEFENDANTS' MOTION TO DISMISS CLASS ACTION COMPLAINT PURSUANT TO FRCP 12(b)(6)**

1  DATED: April 24, 2017                    COBLENTZ PATCH DUFFY & BASS LLP

2

3                                   By:        /s/ *Jonathan R. Bass*
4                                        Jonathan R. Bass
                                         Susan K. Jamison
5                                        Clifford E. Yin
                                         Skye D. Langs
6                                        Attorneys for Defendants
                                         UBER TECHNOLOGIES, INC., and RASIER,
7                                        LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · Fax 415.989.1663
COBLENTZ PATCH DUFFY & BASS LLP

**DEFENDANTS' MOTION TO DISMISS CLASS ACTION COMPLAINT PURSUANT TO FRCP 12(b)(6)**