RANDALL W. EDWARDS (S.B. #179053)
redwards@omm.com
MATTHEW D. POWERS (S.B. #212682)
mpowers@omm.com
DAMALI A. TAYLOR (S.B. #262489)
dtaylor@omm.com
ADAM M. KAPLAN (S.B. #298077)
akaplan@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111-3823
Telephone:     (415) 984-8700
Facsimile:      (415) 984-8701

Attorneys for Defendants
UBER TECHNOLOGIES, INC. and RASIER, LLC

PAUL B. MASLO (admitted *pro hac vice*)
pmaslo@napolilaw.com
SAMUEL J. MOORHEAD (S.B. #311638)
smoorhead@napolilaw.com
NAPOLI SHKOLNIK PLLC
5757 W. Century Blvd., Suite 680
Los Angeles, CA 90045
Telephone:     (310) 331-8224
Facsimile:      (646) 843-7603

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARTIN DULBERG, individually, and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>UBER TECHNOLOGIES, INC., and RASIER, LLC,<br><br>     Defendants. | Case No.  3:17-CV-00850-WHA<br><br>**JOINT STATEMENT IN RESPONSE TO ORDER REQUESTING ADDITIONAL INFORMATION REGARDING SETTLEMENT [ECF No. 110]** |

In response to the Court's September 13, 2018 questions about the proposed Settlement Agreement (ECF No. 110), Plaintiff Martin Dulberg and Defendants Uber Technologies Inc. and Rasier, LLC submit the following responses, which they believe support preliminary approval of the settlement. The Parties will be prepared to address these, and any other questions the Court may have, at the hearing on September 27, 2018.

**1.  Will there be members of the class giving releases that will receive no money?**

All class members who provide a release under the proposed Settlement Agreement will receive monetary compensation. The amount of the monetary compensation will be determined by taking the class members' pro rata portion of the Settlement Fund Balance, which is the Settlement Fund ($345,622.00) less any amounts awarded by the Court for attorneys' fees and costs, administrative expenses, and any service award to Plaintiff Dulberg. The pro rata amounts, as set forth in the Settlement Agreement, are determined based on the damages figures submitted at class certification and the calculations described in the expert report of Dr. Brigham R. Frandsen. (ECF Nos. 73-6, 106-3).

**2.  What is the specific maximum number of class members who will be releasing claims under the proposed settlement?**

Based on the analysis by Plaintiff's expert, Dr. Frandsen, of the ride data produced by Uber in this case, the maximum number of class members releasing claims under this proposed Settlement Agreement is 4,594.

**3.  The proposed settlement's release provides not only for the release of all causes of action and claims in this action, but also for "all other actions, under any law or theory, that relate to the alleged breach of Paragraph 4.1 of the [agreement]." How does this release comport with the requirement that the release should be limited only to the claims certified for class treatment?**

The parties narrowly tailored the release to match the specific factual allegations that were the premise of the breach of contract claim asserted in the operative complaint and certified for class treatment. The Settlement Agreement defines "Released Claims" as "all causes of action and claims pleaded against Uber in this Action, and all other actions, under any law or theory,

that *relate to the alleged breach of Paragraph 4.1 of the TSA based on Uber's upfront pricing practices that are alleged in this Action* against any of the Released Parties on behalf of the Settlement Class." (Settlement Agreement at I.17.) The release is *not* intended to sweep broader than the factual allegations and theory of wrongdoing at issue in this case. As defined, the Released Claims are limited to those claims relating to the specific conduct alleged by Plaintiff to have constituted a breach of Paragraph 4.1 of the TSA. In particular, the phrase "Uber's upfront pricing practices that are alleged in this Action" is limiting language that prevents an overbroad release scope.

The Settlement Agreement does not purport to release other claims that "could have been brought" in this litigation. The reference to "all causes of action and claims . . . in this Action, and all other actions" is intended to protect Uber from the same factual allegations and theory of wrongdoing being asserted in another action -- indeed, it has been in at least two other actions to date that have been stayed pending the resolution of this action. *See Van v. Rasier, LLC*, 2:17-cv-02550-DMG (C.D. Cal.); *Beilke v. Uber Technologies, Inc.*, CGC-17-560916 (S.F. Sup. Ct.). The language "under any law or theory" is meant to protect Uber from the very same factual allegations and theory of wrongdoing being re-cast in another suit as, for example, an unjust enrichment claim or a claim for violation of California's Unfair Competition Law. For those reasons, the release in the Settlement Agreement was not intended to be -- and in the Parties' view, is not -- overbroad or problematic in the way identified by the Court's Settlement Guidelines. (*See* ECF No. 81, § 4.)

**4.     Why are the class benefits based on plaintiff's interpretation of the contract, whereas the released claims are based on defendants' interpretation of the contract?**

The Parties will be prepared to address the Court's questions at the hearing, but they are not certain they fully understand this question. The Parties do not believe that the Released Claims as defined in the Settlement Agreement are "based on defendants' interpretation of the contract." The Released Claims are intended to be tailored specifically to Plaintiff's factual allegations and theory of wrongdoing in this case and to reflect a release of only those claims related to that theory.

| | |
|---|---|
| Dated: September 20, 2018 | O'MELVENY & MYERS LLP |
| | By: _/s/ Randall W. Edwards_ |
| | Randall W. Edwards |
| | Attorneys for Defendants |
| | Uber Technologies, Inc. and Rasier, LLC |
| Dated: September 20, 2018 | NAPOLI SHKOLNIK PLLC |
| | By: _/s/ Paul B. Maslo_ |
| | Paul B. Maslo |
| | Attorneys for Plaintiff |

## **ATTESTATION OF FILING**

Pursuant to Local Rule 5.1(i)(3) regarding signatures, I, Randall W. Edwards, attest that concurrence in the filing of this Joint Statement in Response to Order Requesting Additional Information has been obtained from Paul B. Maslo.

| | |
|---|---|
| Dated: September 20, 2018 | O'MELVENY & MYERS LLP |
| | By: _/s/ Randall W. Edwards_ |
| | Randall W. Edwards |