IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARTIN DULBERG, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

UBER TECHNOLOGIES, INC., and RASIER, LLC,

    Defendants.

No. 17-00850 WHA

**ORDER RE PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

## INTRODUCTION

In this breach-of-contract class action, plaintiff moves for preliminary approval of a proposed settlement agreement. For the reasons stated below, preliminary approval is **GRANTED** subject to the below changes in the notice.

## STATEMENT

Prior orders set forth the background of this action (*see, e.g.*, Dkt. No. 52). In short, plaintiff Martin Dulberg ("Dulberg") brought this class action on behalf of Uber drivers against defendants Uber Technologies and Rasier, LLC (collectively, "Uber"), asserting Uber breached its contract with Uber drivers. Uber's policy changed in late 2016. Plaintiff alleged the new policy violated their contract with Uber because Uber calculated costs to passengers by estimating time and distance amounts before the ride and then compensated drivers based on actual time and distance amounts — keeping the difference for itself. On January 25, 2018, an order certified the following class (Dkt. No. 80):

> All natural persons nationwide who (1) drove for UberX or UberSELECT; (2) opted out of arbitration; (3) transported a passenger who was charged an upfront Fare before May 22, 2017, when Uber issued its updated fee addendum; and (4) made less money overall on rides where they transported passengers who were charged an upfront Fare because they were paid on a Fare calculated based on actual time and distance values instead of the upfront Fare calculated based on estimated time and distance values.

Plaintiff has now filed an unopposed motion for preliminary approval of a proposed class settlement (Dkt. No. 107).  On September 14, 2018, the Court requested additional information from the parties particularly as related to the scope of the release of claims (Dkt. No. 110).  The parties responded on September 20 (Dkt. No. 117).  After oral argument the parties revised their settlement agreement per the Court's concerns (Dkt. No. 120).  This order follows.

**ANALYSIS**

"A settlement should be approved if 'it is fundamentally fair, adequate and reasonable.'" *Torrisi v. Tuscon Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993) (citation omitted). Preliminary approval is appropriate if "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (Chief Judge Vaughn Walker).  Here, the proposed settlement agreement satisfies these requirements.

1. **BENEFIT TO CLASS MEMBERS.**

This proposed settlement agreement establishes a maximum settlement amount of $345,622 paid directly to a maximum number of 4,594 class members.  This amount represents approximately 46 percent of the maximum amount plaintiff believes the class can recover and 100 percent of the maximum amount Uber believes the class can recover.  The difference between the maximum possible recovery and the maximum settlement amount considers the risks of further litigation and the relative benefits to continuing litigation.  Four possible legal outcomes exist should the parties continue to litigate:  (1) Uber did not breach the contract (the

class gets nothing); (2) plaintiff waived the breach of contract claim (the class gets nothing); (3) Uber breached the contract and class members governed by the contract are the 2,597 drivers who experienced a shortfall as to their UberXL, UberPOOL, UberX and UberSELECT rides (damages would be capped at $345,622 — the amount of the settlement); (4) Uber breached the contract and class members governed by the contract are 4,594 drivers who experienced a shortfall as to their UberX and UberSELECT rides (damages would be capped at $747,555). Both parties utilized extensive discovery to arrive at these figures. Ten drivers already opted out of the class (Dkt. No. 107 at 6, 8, 12).

     The proposed settlement agreement defines class members identically to the class certification order. Under the proposed settlement, class members divvy the remainder of the $345,622 settlement amount after the fund pays plaintiff's attorneys and the settlement administrator (and a potential $5,000 incentive payment to the lead plaintiff subject to Court approval). Once the settlement administrator subtracts those expenses each class member receives their individual share calculated by first dividing the balance from the $345,622 settlement amount by the maximum recovery amount in the class certification motion ($747,555.17), then applying that percentage on a pro rata basis to the individual damages amount for each eligible class member under plaintiff's interpretation of the contract. Within sixty days of the court's final order the settlement administrator mails a check to class members (Dkt. No. 107-2 at 9–10). The check's validity lasts ninety days after which

> [a]ll funds in the Escrow Account shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds *shall be distributed or returned to the persons paying the same pursuant to this Settlement* and/or further order of the Court.

(Dkt. No. 107-2 at 8) (emphasis added). Despite the vague nature of this emphasized language in the settlement agreement, counsel explicitly provided at oral argument that leftover money in the fund will be re-allocated to the class members (Dkt. No. 119).

     As to calculations that reduce the settlement fund before class members split the balance, plaintiff's counsel did not include a specific amount of attorney's fees they intend to pursue as compensation. Instead, the settlement agreement requires counsel to file an application for

3

attorney's fees and expenses approximately fourteen days before the deadline for class member objections to the proposed settlement. The Court then has discretion at the fairness hearing to award plaintiff's attorney's fees (Dkt. No. 107-2 at 11).

Due to the risks of continued litigation and the seemingly low reward of pursuing litigation compared to the potential recoverable amount, the discounted settlement amount appears reasonable. Still, the reasonableness of the benefit to class members will hinge on the initial amount allocated towards the settlement administrator and the attorney's fees. As is, were the settlement administrator and attorneys to receive nothing, each class member's maximum recovery appears to be approximately $81 per driver.

**2. SCOPE OF THE RELEASE.**

The amended proposed settlement agreement now contains a release of claims defined as:

> All causes of action and claims that were or could have been asserted against any of the Released Parties for alleged breach of Paragraph 4.1 of the TSA based on Uber's upfront pricing practices that are alleged in this Action on behalf of the Settlement Class.

(Dkt. No. 120-1 at 5). This release is limited to the certified claims and is accordingly satisfactory.

The parties also assure the Court that all class members who provide a release under the proposed agreement will receive monetary compensation (Dkt. No. 117 at 2). Any theoretical settlement approval in this action — both preliminary and final — depends on the verity of this assurance.

**3. ATTORNEY'S FEES AND INCENTIVE AWARD.**

Plaintiff's attorneys are Paul Maslo and Andrew Dressel of Napoli Shkolnik PLLC. The settlement provides that plaintiff's attorneys will move for fees and expenses (Dkt. No. 117-2 at 3). Additionally, subject to Court approval, the proposed settlement agreement

> [p]rovides a modest $5,000 service payment allocation to Dulberg for the extensive work that he has put into this case, including, for example, doing background research on the claims, meeting with counsel, producing documents and answering interrogatories, preparing and traveling from North Carolina to San Francisco for a deposition, and being an active and engaged participant in the litigation.

(Dkt. No. 117 at 8-9). The settlement agreement says nothing more about either award. Considering class members will average only an $81 benefit, a $5,000 incentive payment appears extreme. Nonetheless, the parties leave the amount of the award entirely within the Court's discretion. This amount — if any — will be decided at the final approval hearing thereby giving class members a chance to be heard.

### 4. OTHER CONSIDERATIONS.

Plaintiff argues another factor weighing in favor of preliminary approval is that the proposed settlement agreement came about as a "result of mediation before Judge Ryu, as well as private negotiation sessions spanning several months." The parties, however, agreed to the settlement months after the parties' last appearance in front of Judge Ryu. Still, the parties completed both fact and expert discovery and have tested the merits of the claims at issue through motion practice (Dkt. No. 107 at 10). This background is not dispositive of, but is nevertheless relevant to, the question of whether this proposed settlement agreement appears to be "the product of serious, informed, non-collusive negotiations." *See In re Tableware*, 484 F. Supp. 2d at 1079.

### 5. REQUIRED MODIFICATIONS TO CLASS ACTION NOTICE.

Counsel shall please resubmit the release notice for Court approval with the following modifications. *First*, the second sentence of Section 7 should be amended as follows:

> Your individual recovery has been calculated to be approximately [$XX.XX] under this settlement before reduction for your share of attorney's fees and costs of suit as yet to be determined by the judge. Counsel will ask the judge to subtract a substantial part of your recovery for fees and costs, as explained elsewhere in this notice. If you feel this estimate is incorrect you may submit paperwork by [DATE] to justify a larger (or smaller) amount but you will be stuck with whatever number the judge approves unless you formally exclude yourself from the class settlement as explained elsewhere in this notice.

*Second*, the third sentence of Section 7 should reflect that the entire settlement figure is 46.2% of the maximum possible litigation recovery, not the individual class member's figure. *Third*, the Court's address must be conspicuously included in Section 9.

5

Finally, counsel shall provide at least 28 days from counsel's filing an application for attorney's fees and expenses for class members to object to the proposed expenses and fees, instead of the 14 days currently provided.

## CONCLUSION

The motion for preliminary approval of the class action settlement is **GRANTED** subject to the above changes in the notice.

By **OCTOBER 16, 2018** at **NOON**, counsel shall submit, along with the proposed notice, a proposed timeline for administering the settlement that takes into account the delay in obtaining Court approval for said notice. The final pretrial conference and trial dates, as well as other pending deadlines in this action, are hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: October 9, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE