IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARTIN DULBERG, individually and on behalf of all others similarly situated,

    Plaintiffs,

  v.

UBER TECHNOLOGIES, INC., and RASIER LLC,

    Defendants.

No. C 17-00850 WHA

**ORDER ON ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**

In our circuit, courts start with a "strong presumption in favor of access" when deciding whether to seal records. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted). To seal records in connection with a "dispositive" motion or a motion that "more than tangentially relate[s] to the merits of a case," "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure" are required. *See id.* at 1178–79 (quotations and citations omitted); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). A particularized showing of "good cause" under Federal Rule of Civil Procedure 26(c), however, suffices to warrant sealing in connection with a non-dispositive motion. *Kamakana*, 447 F.3d at 1179–80.

Civil Local Rule 79-5 requires that administrative motions to file under seal be accompanied by "[a] declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable." For example, "[t]he publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome [the]

strong presumption" in favor of access and provide compelling reasons for sealing. *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011). Compelling reasons may also warrant sealing for "sources of business information that might harm a litigant's competitive standing," especially where the public has "minimal interest" in the information because it "is not necessary to the public's understanding of the case." *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221–22 (Fed. Cir. 2013) (applying the law of our circuit).

In our district, "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Moreover, administrative motions to file under seal must "be narrowly tailored to seek sealing only of sealable material." C.L.R. 79-5. Supporting declarations may not rely on vague boilerplate language or nebulous assertions of potential harm but must explain with particularity why any document or portion thereof remains sealable under the applicable legal standard. Requests not narrowly tailored to seek sealing only of sealable material as required by Civil Local Rule 79-5 shall be denied.

With these principles in mind, this order **GRANTS IN PART** and **DENIES IN PART** the parties' administrative motions as stated in the tables below. To the extent their motions are denied, each movant shall file revised versions of their documents consistent with this order on the public docket by **DECEMBER 6** at **NOON**.

\*         \*         \*

**LIST OF ADMINISTRATIVE MOTIONS.**

| DKT. NO. | DOCUMENT SOUGHT TO BE SEALED | RULING |
|---|---|---|
| 66-4 | Declaration of Andrew J. Dressel | The supporting declaration fails to show particularized good cause because it merely concludes in generic terms that this information was designated as confidential under a previous protective order. Moreover, this request has not been narrowly tailored as required by Civil Local Rule 79-5 and is accordingly **DENIED**. |

| | | |
|---|---|---|
| 66-6 | Exhibit A | The supporting declaration fails to show particularized good cause because it merely concludes in generic terms that this information was designated as confidential under a previous protective order. Aside from defining terms, the document does not disclose data that might harm Uber's competitive advantage. Moreover, this request has not been narrowly tailored as required by Civil Local Rule 79-5 and is accordingly **DENIED**. |
| 66-8 | Exhibit B | The supporting declaration fails to show particularized good cause because it merely concludes in generic terms that this information was designated as confidential under a previous protective order. It is unclear how the disclosure of this information might harm Uber's competitive advantage, nor is there any private driver identification information. Moreover, this request has not been narrowly tailored as required by Civil Local Rule 79-5 and is accordingly **DENIED**. |
| 66-10 | Exhibit C | Since the underlying motion and its final disposition remain attenuated from the merits, the public has little interest in the sealing of this information. The supporting declaration, however, fails to show particularized good cause because it merely concludes in generic terms that this information was designated as confidential under a previous protective order. It is unclear how the disclosure of the Uber's driver fees (already publically known) might harm Uber's competitive advantage. Moreover, this request has not been narrowly tailored as required by Civil Local Rule 79-5 and is accordingly **DENIED**. |
| 70-4 | Portions of Uber's Opposition to Class Certification. | Good cause warrants sealing of the portion at page 7: 1–17 to prevent the disclosure of Uber's underlying analysis. This justification does not, however, extend to other portions which describe the facts important to the overall case. It is unclear how disclosure of — for example — various payouts under plaintiff's theory would harm Uber's competitive advantage. This request is **GRANTED IN PART** and **DENIED IN PART**. |

| | | |
|---|---|---|
| 70-5 | Entirety of Jason Dowlatabadi declaration. | The supporting declaration avers that disclosure of some information in this declaration could allow competitors to imitate or disrupt Uber's business arrangements. While that risk seems minimal with respect to the particular information contained therein, the public's interest in said information also remains minimal. Under these circumstances, sufficient good cause has been shown to justify sealing. This request is **GRANTED**. |
| 70-6 | Entirety of exhibit A to Declaration of Jason Dowlatabadi. | The supporting declaration fails to show particularized good cause because it merely concludes in generic terms that this information was designated as confidential under a previous protective order. Aside from defining terms, the document does not disclose data that might harm Uber's competitive advantage. Moreover, this request has not been narrowly tailored as required by Civil Local Rule 79-5 and is accordingly **DENIED**. |
| 70-7 | Entirety of exhibit F to Declaration of Randall W. Edwards. | The supporting declaration fails to show particularized good cause as it merely states that the document might be sealed "out of an abundance of caution" in case the plaintiff wishes to seek sealing. In light of the preference for more access to information and because this request has not been narrowly tailored as required by Civil Local Rule 79-5, this request is **DENIED**. |
| 70-8 | Entirety of exhibit G to Declaration of Randall W. Edwards. | Good cause warrants the sealing of the entire document to prevent disclosure of private employee contact information and confidential internal information. This request is **GRANTED**. |
| 70-9 | Entirety of exhibit H to Declaration of Randall W. Edwards. | Good cause warrants the sealing of the entire document to prevent disclosure of private employee contact information and confidential internal information. This request is **GRANTED**. |

| | | |
|---|---|---|
| 70-10 | Entirety of exhibit I to Declaration of Randall W. Edwards. | The supporting declaration fails to show particularized good cause as it merely states that the document might be sealed "out of an abundance of caution" in case the plaintiff wishes to seek sealing. In light of the preference for more access to information and because this request has not been narrowly tailored as required by Civil Local Rule 79-5, this request is **DENIED**. |
| 70-11 | Entirety of exhibit K to Declaration of Randall W. Edwards. | The supporting declaration fails to show particularized good cause to seal this document. The information contained in exhibit K merely aggregates total payment and does not disclose proprietary variables. This request is **DENIED**. |
| 70-13 | Portions of exhibit L to Declaration of Randall W. Edwards. | Good cause warrants sealing of page 9 FN 28 to prevent the disclosure of Uber's underlying analysis. This justification does not, however, extend to other portions of this exhibit which merely describe the facts important to the overall case. It is unclear how disclosure of vague statements that certain percentages of drivers would be better or worse off under competing interpretations of the agreement would harm Uber's competitive advantage. This request is **GRANTED IN PART** and **DENIED IN PART**. |
| 72-4 | Portions of reply in further support of motion for class certification and appointment of class counsel. | Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable. The supporting declaration fails to show particularized good cause to seal this document as it merely states that the information is designated as confidential. This request is **DENIED**. |

| | | |
|---|---|---|
| 72-8 | Entirety of exhibit 2, Dulberg deposition dated January 4, 2018. | Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable. The supporting declaration fails to show particularized good cause to seal this document as it merely states that the information is designated as confidential. Moreover, this request has not been narrowly tailored as required by Civil Local Rule 79-5 and is accordingly **DENIED**. |
| 72-12 | Entirety of declaration of Andrew J. Dressel. | Good cause warrants sealing of paragraphs six and seven to prevent the disclosure of Uber's underlying analysis. This justification does not, however, extend to other portions of the declaration as they pertain to data in general that would not harm Uber's competitive advantage. This request is **GRANTED IN PART** and **DENIED IN PART**. |
| 72-13 | Entirety of exhibit A to declaration of Andrew J. Dressel. | Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable. The supporting declaration fails to show particularized good cause to seal this document as it merely states that the information is designated as confidential. It is unclear how ride data, without any disclosure of the analysis behind it, would harm Uber's competitive advantage. Moreover, this request has not been narrowly tailored as required by Civil Local Rule 79-5 and is accordingly **DENIED**. |
| 106-4 | Portions of exhibit 3 to declaration of Paul B. Maslo. | Good cause warrants the sealing of the portions identified to prevent disclosure of Uber's underlying calculations. This request is **GRANTED**. |
| 106-6 | Portions of exhibit 4 to declaration of Paul B. Maslo. | Good cause warrants the sealing of the portions identified to prevent disclosure of Uber's underlying calculations. This request is **GRANTED**. |

| | | |
|---|---|---|
| 106-8 | Portions of exhibit 5 to declaration of Paul B. Maslo. | Good cause warrants sealing of page 4 FN 1 to prevent the disclosure of Uber's underlying analysis. This justification does not, however, extend to other portions of the declaration. This request is **GRANTED IN PART** and **DENIED IN PART**. |

**IT IS SO ORDERED.**

Dated: November 20, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE