United States District Court

For the Northern District of California

1
2
3
4
5

IN THE UNITED STATES DISTRICT COURT

6

FOR THE NORTHERN DISTRICT OF CALIFORNIA

7
8
9

MARTIN DULBERG, individually, and on
behalf of all others similarly situated,

No. C 17-00850-WHA

10

Plaintiff,

11

v.

ORDER RE ATTORNEY'S
FEES AND COSTS

12

UBER TECHNOLOGIES, INC., and RASIER,
LLC,

13
14

Defendants.
_____/

15
16

Class counsel seek attorney's fees in the amount of $103,687.00 from a total settlement

of $345,622, as well as reimbursement for litigation expenses in the amount of $45,315.99.  In

17

light of the large percentage of attorney's fees counsel seeks to be awarded from the

18

settlement amount (approximately 34% of the total settlement once the requested expenses have

19

been deducted), counsel need to further justify both their requested attorney's fees and their

20

litigation expenses.  While further justification would likely not be necessary in a settlement of

21

this size had the percentage of attorney's fees been much a smaller percentage (such as 25%),

22

34% does require further justification.

23
24

The current documentation submitted with class counsel's motion for attorney's fees and

expenses is inadequate because it does not enable the Court to determine whether or not such a

25

high request is reasonable.  The affidavit of Danielle Marlow lists all individuals who billed

26

time to this matter, their rates, and their sum total of hours spent on each categorical task but

27

provides no specific information.  For example, Exhibit B generically delineates that attorney

28

Paul Maslo billed 8.30 hours on January 17, 2018 for "Work on class cert reply."  Thirteen total

entries provide the identical information.  In addition, the font in Exhibit G listing the expenses

<div style="writing-mode: vertical">**United States District Court** For the Northern District of California</div>

1  related to this litigation, for which class counsel now seek reimbursement, is too small and

2  cannot be read.

3        To that end, class counsel must provide an itemized accounting for unreimbursed

4  expenses.  Within each category, each itemized expense must be listed, including date,

5  description, and cost.  Professional fees may be broken down into separate categories if counsel

6  deems appropriate.  The date, description, and cost for each expense incurred, such as the fee

7  paid to an expert to produce an expert report on a specific issue, must be listed for all

8  professional fees.  A declaration including this information must be filed by **APRIL 4** at **NOON**.

9        Also by **APRIL 4** at **NOON**, class counsel must file and serve a detailed declaration,

10  organized by discrete projects, breaking down all attorney and paralegal time sought to be

11  recovered.  For each project, there must be a detailed description of the work, giving the date,

12  hours expended, attorney name, and task for each work entry, in chronological order.  A

13  "project" means a deposition, a motion, a witness interview, and so forth.  It does not mean

14  generalized statements like "trial preparation" or "attended trial."  It includes discrete items like

15  "prepare supplemental trial brief on issue X."  The following is an example of time collected by

16  a project.

17                    PROJECT:  ABC DEPOSITION (2 DAYS IN FRESNO)

| Date | Time-keeper | Description | Hours x | Rate = | Fee |
|---|---|---|---|---|---|
| 01-08-01 | XYZ | Assemble and photocopy exhibits for use in deposition. | 2.0 | $100 | $200 |
| 01-09-01 | RST | Review evidence and prepare to examine ABC  at deposition. | 4.5 | $200 | $900 |
| 01-10-01 | XYZ | Research issue of work-product privilege asserted by deponent. | 1.5 | $100 | $150 |
| 01-11-01 | RST | Prepare for and take deposition. | 8.5 | $200 | $1700 |
| 01-12-01 | RST | Prepare for and take deposition. | 7.0 | $200 | $1400 |
| | Project Total: | | 23.5 | | $4350 |

27        All entries for a given project must be presented chronologically one after the other, *i.e.*,

28  uninterrupted by other projects, so that the timeline for each project can be readily grasped.

United States District Court

For the Northern District of California

1   Entries can be rounded to the nearest quarter-hour and should be net of write-down for

2   inefficiency or other cause.  Please show the sub-totals for hours and fees per project, as in the

3   example above, and show grand totals for all projects combined at the end.  Include only entries

4   for which compensation is sought, *i.e.*, after application of "billing judgment."  For each

5   project, the declaration must further state, in percentage terms, the proportion of the project

6   directed at issues for which fees are awardable and must justify the percentage.  This percentage

7   should then be applied against the project total to isolate the recoverable portion (a step not

8   shown in the example above).

9       A separate summary chart of total time and fees sought per individual timekeeper (not

10  broken down by project) should also be shown at the end of the declaration.  This

11  cross-tabulation will help illuminate all timekeepers' respective workloads and roles in the

12  overall case.

13      The declaration must also set forth (a) the qualifications, experience and role of each

14  attorney or paralegal for whom fees are sought; (b) the normal rate ordinarily charged for each

15  in the relevant time period; (c) how the rates were comparable to prevailing rates in the

16  community for like-skilled professionals; and (d) proof that "billing judgment" was exercised.

17  On the latter point, as before, the declaration should describe adjustments made to eliminate

18  duplication, excess, associate-turnover expense, and so forth.  These adjustments need not be

19  itemized but totals for the amount deleted per timekeeper should be stated.  The declaration

20  must identify the records used to compile the entries and, specifically, state whether and the

21  extent to which the records were contemporaneous versus retroactively prepared.  It must state

22  the extent to which any entries include estimates (and what any estimates were based on).

23  Estimates and/or use of retroactively-made records may or may not be allowed, depending on

24  the facts and circumstances.

25

26

27

28

3

1    Ordinarily, no more than one attorney and one paralegal need be present at a deposition;

2  more will normally be deemed excessive.  Ordinarily, no more than one attorney need attend a

3  law-and-motion hearing; more will normally be deemed excessive.  To allow for symmetry,

4  however, the award will take into account the staffing used by the opposing party.

5

6    **IT IS SO ORDERED.**

7

8  Dated:  February 25, 2019.

9    WILLIAM ALSUP
    UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California