IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN DULBERG, individually, and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>UBER TECHNOLOGIES, INC., and RASIER, LLC,<br><br>  Defendants. | No. C 17-00850-WHA<br><br>**FURTHER REQUEST FOR INFORMATION** |

　　The Court thanks counsel for providing the requested information (Dkt. No. 150). The information provided shows that many class members will receive a *de minimis* recovery under this settlement. In other words, a large number of class members will recover an amount less than the cost to print, process, and mail the check. Were this action to press forward, and these *de minimis* class members to prevail at trial, the recovery for many would not be this low. The issue remains that due to their trifling recovery amount proposed in this settlement, these class members may be inclined to take their chance at trial. Their exclusion from the proposed settlement would further inch the remaining class members towards a net recovery closer to the calculated shortfall.

　　It is true the *de minimis* class members at issue did not object to or exclude themselves from the proposed settlement. Still, would the parties agree to stipulate to exclude these class members from the proposed settlement? A smaller class would release claims than currently

proposed, but, as Uber's counsel has continuously pointed out, these class members were only slightly worse off under the policies at issue in this action to begin with.

If the parties agree to stipulate to exclude these class members from the settlement, a second round of notice (informing these *de minimis* class members that they will be excluded from the settlement) would need to be sent out. Please answer by Thursday at **NOON**.

**IT IS SO ORDERED.**

Dated: April 30, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE