IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARTIN DULBERG, individually and on behalf of all others similarly situated,

Plaintiff,

v.

UBER TECHNOLOGIES, INC., and RASIER, LLC,

Defendants.

No. 17-00850 WHA

**ORDER RE UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF REVISED SETTLEMENT**

**INTRODUCTION**

In this breach-of-contract class action, plaintiff moves for preliminary approval of a revised settlement agreement. Defendants do not oppose. To the extent stated below, the revised class settlement is **PRELIMINARILY APPROVED**. Nonetheless, the motion will not be granted until the parties revise the settlement agreement so that the class notice will be mailed, not e-mailed. Further modifications to the class notice are also required.

**STATEMENT**

The background of this action is set forth in prior orders (*see, e.g.*, Dkt. No. 52). In short, plaintiff Martin Dulberg brought this class action on behalf of Uber drivers against defendants Uber Technologies and Rasier, LLC (collectively, "Uber"), asserting Uber breached its contract with Uber drivers. Uber's policy changed in late 2016. Plaintiff alleged the new policy violated his contract with Uber because Uber calculated costs to passengers by estimating time and distance amounts before the ride and then compensated drivers based on

actual time and distance amounts — keeping the difference for itself. In January 2018, an order certified the following class (Dkt. No. 80 at 8):

> All natural persons nationwide who (1) drove for UberX or UberSELECT; (2) opted out of arbitration; (3) transported a passenger who was charged an upfront Fare before May 22, 2017, when Uber issued its updated fee addendum; and (4) made less money overall on rides where they transported passengers who were charged an upfront Fare because they were paid on a Fare calculated based on actual time and distance values instead of the upfront Fare calculated based on estimated time and distance values.

Plaintiff moved for preliminary approval of a proposed class settlement in the amount of $345,622 (Dkt. No. 107 at 9). Defendants did not oppose. After some court-ordered changes to the settlement agreement, including direction to alter the "released claims" section, an order preliminarily approved the settlement agreement (Dkt. No. 121). Thereafter, an order approved, as to form and content, the notice of class action settlement and a schedule governing the remaining proceedings in the action (Dkt. No. 123). In November 2018, the settlement administrator e-mailed the proposed class settlement notice to 4,584 class members — fifty-seven did not deliver. Eight class members subsequently requested to be excluded from the settlement, and one class member informally objected to the settlement via e-mail to class counsel but never followed the process delineated by the class action notice (Dkt. No. 142 ¶¶ 4–9).

In February 2019, plaintiff moved for final approval of the proposed class settlement of $345,622. Plaintiff also requested attorney's fees and reimbursement for expenses (Dkt. No. 139). In April 2019, a hearing was held. Two separate requests for information subsequently issued to the parties (Dkt. Nos. 149, 151). Unsatisfied with the parties' justifications for the low proposed class-settlement, an order rejected it (Dkt. No. 153). More specifically, over 25% of the class subject to the proposed settlement would have recovered less than the estimated administrative costs of mailing the checks ($1.75). Many of the checks to be issued would have been for one cent. The potential benefit of the settlement to the class as a whole could not be justified. The high percentage of very low recovery was not reasonable (*id*. at 1).

Now, plaintiff tries again. His motion is unopposed. Specifically, the revised settlement agreement has made three changes. *First*, each class member will now receive the minimum payment of $20. Those class members who would have received more than $20, will still receive the same amount as before. This change increases the total settlement amount from $345,622 to approximately $395,000. *Second*, plaintiff's counsel agreed to limit its request for attorney's fees to 25% of the net settlement amount. *Third*, Uber agreed to pay the administrative costs of sending the revised class notice to class members. The expenses would not come out of the settlement fund (Dkt. No. 156 at 3–5). This order follows a second oral argument.

**ANALYSIS**

Federal Rule of Civil Procedure 23(e) provides that "[t]he claims, issues, or defenses of a certified class . . . may be settled . . . only with the court's approval." Preliminary approval is appropriate if "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (Chief Judge Vaughn Walker) (citation omitted). The parties' proposed settlement agreement satisfies these requirements.

1. **BENEFIT TO CLASS MEMBERS.**

The issue raised at the final approval hearing stemmed from the mere pennies that would be sent to approximately 25% of the class. This proposed settlement agreement establishes a maximum settlement amount of approximately $395,000 paid directly to a maximum number of 4,594 class members. Under the revised settlement, the settlement amount remains $345,622. After the expenses and fees have been taken out of the settlement, Uber will add approximately $50,000 to ensure no class member will receive less than $20. This cash infusion will go only to the class who would have received less than $20 after the fees and expenses have been taken out. Because no class member will now receive less than $20, this solution falls within the range of possible approval (Dkt. No. 156-2 at 8–10).

1      This is still a low-end recovery for the class.  Evidently, this is because the case itself has
2  turned out to be a low-end theory.  It might be better for the average class member to roll the
3  dice and see if they could hit big with a jury rather than accept a mere twenty or so dollars.  But
4  even a "hit" would not push the average award into three figures, now that we see how little the
5  case was built on.  It is hard to justify the burden on the jury to try this case.  For this reason, at
6  least enough has been provided to warrant preliminary approval and an opportunity for comment
7  from the class members.

**2.     SCOPE OF THE RELEASE.**

The revised settlement agreement contains the same release of claims previously preliminarily approved.  The release of claims remains defined as:

> [A]ll causes of action and claims that were or could have
> been asserted against any of the Released Parties for
> alleged breach of Paragraph 4.1 of the TSA based on
> Uber's upfront pricing practices that are alleged in this
> Action on behalf of the Settlement Class.

(Dkt. No. 156-2 at 5).  Despite the appearance of broad language, the parties had previously assured the Court at the prior preliminary approval hearing that this release is limited to the certified claims.  On this condition, the release falls within the range of possible approval.

**3.     ATTORNEY'S FEES AND INCENTIVE AWARD.**

Plaintiff's attorneys are Danielle Marlow and Salvatore Badala of Napoli Shkolnik PLLC.  The settlement provides that plaintiff's attorneys will move for fees and expenses.  The settlement agreement allows the Court to decide how much to compensate counsel in terms of their fees and expenses.  Yet, plaintiff's counsel have pledged they will move for 25% of the net settlement amount.  This amount generally suffices.  Additionally, all further expenses in sending the fresh class notices will not come out of the settlement fund — Uber will pay (Dkt. No. 156 at 3).  This will allow for greater recovery to the class.

Finally, subject to Court approval, the proposed settlement agreement provides for a "Service Payment Allocation," which will be subject to the Court's discretion.  Named plaintiff seeks $5,000 (Dkt. No. 156-2 at 6).  This amount — if any — will be decided at the final approval hearing thereby giving class members a chance to be heard.  The Court notes that it will

4

be hard to justify giving the named plaintiff any bonus for having "won" such a low-end recovery.

### 4. OTHER CONSIDERATIONS.

Plaintiff argues another factor weighing in favor of preliminary approval is that the proposed settlement agreement followed "mediation before Judge Ryu, as well as private negotiation sessions spanning several months" (Dkt. No. 156 at 16). The parties, however, agreed to the first settlement months after the parties' last appearance in front of Judge Ryu. The revised settlement was agreed to over the phone without Judge Ryu.

Still, the parties completed both fact and expert discovery and have tested the merits of the claims at issue through motion practice. This background remains relevant to whether this proposed settlement agreement appears to be "the product of serious, informed, non-collusive negotiations." *See In re Tableware*, 484 F. Supp. 2d at 1079.

### 5. REQUIRED MODIFICATIONS TO CLASS ACTION NOTICE.

The parties seek to e-mail the class notice. This will not do. It will be seen by recipients as junkmail or phishing troll work and ignored. The parties provide that if the Court insists on the class notice being mailed, they will do so. The court insists on first-class mailing by first-class mail. The parties must amend the settlement agreement to reflect this change.

Turning to the notice itself, counsel shall also please resubmit the release notice for Court approval with the following two modifications. *First*, Section 6 must inform the class the specific amount of attorney's fees, expenses, and the service payment that counsel seek. Counsel submitted a declaration in April 2019 which sought approximately $40,000 in expenses (Dkt. No. 141 ¶ 12). After subtracting these expenses from the settlement, 25% of the net settlement amount translates to approximately $76,000. As these amounts are known to the parties, vaguely writing that counsel will seek "reasonable" fees and expenses will not suffice. To this end, Section 6 must state: "Class Counsel will move the Court for: [$XX.XX] in attorney's fees, [$XX.XX] in expenses incurred in the action, and to award Plaintiff a $5,000 service payment for his participation in the case. These amounts must first be approved by the Court."

*Second*, for the same reason, between the second and third sentences in Section 7, the notice must specifically account for the *net* amount each class member will recover after the requested attorney's fees, expenses, and named plaintiff award have been factored in. Specifically, a sentence must be added before the third sentence in Section 7 which states: "Your individual recovery has been calculated to be approximately [$XX.XX] under this settlement after reduction for your share of attorney's fees and costs of suit as yet to be determined by the judge."

**CONCLUSION**

For the foregoing reasons, the terms of the parties' settlement agreement are hereby **PRELIMINARILY APPROVED** as being fair, reasonable and adequate to the members of the class, subject to further consideration at the final approval hearing. The sole required change to the settlement agreement remains that the notice must be mailed by first-class mail. The unopposed motion for preliminary approval of the settlement will not be granted until the Court receives the required modifications as to the class notice. The revised settlement agreement and revised notice must be filed by **AUGUST 1 AT NOON**. All other deadlines are **VACATED**.

**IT IS SO ORDERED.**

Dated: July 22, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE