# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN DULBERG, individually, and on behalf of all others similarly-situated,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>UBER TECHNOLOGIES, INC., and RASIER, LLC,<br><br>　　　　　　　Defendants. | Case No. 3:17-cv-00850-WHA<br><br>**[PROPOSED] FINAL ORDER AND JUDGMENT**<br><br>Judge: The Honorable William H. Alsup |

A hearing for final approval was held before this Court on November 14, 2019 concerning the terms of the Settlement Agreement between Plaintiff Martin Dulberg, on behalf of the class, and Defendants Uber Technologies, Inc. and Rasier, LLC. The Court considered (a) whether the Settlement Agreement should be approved as fair, reasonable, and adequate; (b) whether class counsel's application for attorneys' fees and expenses should be approved; (c) whether Plaintiff's application for a service payment should be approved; (d) the payment of settlement administration expenses; (e) whether class notice was proper; and (f) such other matters brought to the Court's attention by the parties. The Court also considered all applicable objections to the Settlement Agreement.

**IT IS THEREFORE ORDERED THAT**

1. The Settlement Agreement is approved as fair, reasonable, and adequate.

2. The Notice of Class Action Settlement meets the requirements of Federal Rule of Civil Procedure 23 and due process.

3. The 133 class members who did not receive the class-action notice and the thirteen class members who requested to be excluded are excluded from the settlement and the released claims.

4. The Settlement Agreement is binding on the class members not excluded from the settlement, Plaintiff, and Defendants.

5. Plaintiff and class members not excluded from the settlement are permanently enjoined from commencing or prosecuting any action, suit, proceeding, claim, or cause of action asserting the Released Claims, as defined in the Settlement Agreement, in any court or before any tribunal.

6. The parties and Angeion Group, the settlement administrator, shall take necessary steps to effectuate the Settlement Agreement, including Angeion Group promptly processing and paying the class members identified in accordance with the Settlement Agreement, subject to the awards in Paragraphs 7-9 reducing the Settlement Fund available for the payments to those class members.

7. Plaintiff is awarded a service payment of $100.

8. Class counsel is awarded attorneys' fees in the amount of $65,569.60 and expenses in the amount of $40,430.

9. Angeion Group is granted recovery of its settlement administration expenses of $37,914.

10. Pursuant to the Settlement Agreement, the Released Parties are discharged from the Released Claims.

11. This action is dismissed with prejudice pursuant to the terms of the Settlement Agreement.

12. This Court finds, pursuant to Federal Rule of Civil Procedure 54(b), that there is no just reason for delay in the entry of a final judgment and the Clerk of Court is directed to enter judgment in this action. Judgment shall be final for purposes of appeal.

13. Without affecting the finality of this judgment in any way, the Court retains jurisdiction to enforce the terms of the Settlement Agreement.

**IT IS SO ORDERED.**

DATED: _____

_____
THE HON. WILLIAM H. ALSUP
UNITED STATES DISTRICT COURT JUDGE