UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARTIN DULBERG, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

UBER TECHNOLOGIES, INC., and RAISER, LLC,

    Defendants.

No. C 17-00850 WHA

**ORDER DENYING MOTION FOR AMENDMENT OF JUDGMENT**

## INTRODUCTION

In this settled class action, plaintiff moves for amendment of the judgment pursuant to Rule 56(e) or for relief from judgment under Rule 60(b) on an issue decided twice before. No newly discoverable evidence is presented, no judicial mistake shown, no law changed, and no other justification for extraordinary relief made. The motion is **DENIED**.

## STATEMENT

Prior orders detail the facts of the case and the history of settlement proposals (*see, e.g.*, Dkt. Nos. 52, 169). Briefly, an order certified the class in February 2018. Six months later, plaintiff moved for preliminary approval of a class settlement. The settlement proposed divvying up $345,622 between the 4,594 class members after the fund paid class counsel's fees and expenses. The parties left determination of those fees and expenses entirely within the district judge's discretion. The only significant change to the settlement approved over a year

later added a feature ensuring no class member received less than $20 after deducting the court-determined fees and costs.

In reviewing the settlement, several orders asked class counsel to clarify how much it intended to seek from the fund for its fees and expenses. Initially, counsel sought $30,232 in "expert costs." When asked for clarification, counsel lowered that amount to $30,136 and explained that some portion of that "relate[d] to . . . the third-party administrator retained to distribute class notice, notice of settlement, and handle opt-outs and objections" (Dkt. No. 141 at 16). When asked for further detail, counsel again lowered the amount, this time to $29,793, and explained that $5,701.23 derived from class administrator expenses. When combined with other expenses, the costs totaled $40,430 (Dkt. No. 145). Ultimately, however, the undersigned rejected that settlement because it failed to provide a reasonable recovery to the absent class members.

When plaintiff renewed his motion for preliminary approval with a better deal for the class, counsel left out any mention of expenses. An order required changes to the revised class notice (Dkt. No. 161):

> Counsel submitted a declaration in April 2019 which sought approximately $40,000 in expenses (Dkt. No. 141 ¶ 12). After subtracting these expenses from the settlement, 25% of the net settlement amount translates to approximately $76,000. *As these amounts are known to the parties, vaguely writing that counsel will seek "reasonable" fees and expenses will not suffice*. To this end, Section 6 must state: "Class Counsel will move the Court for: [$XX.XX] in attorney's fees, [$XX.XX] in expenses incurred in the action, and to award Plaintiff a $5,000 service payment for his participation in the case. *These amounts must first be approved by the Court*."

Counsel made these changes but deviated from the April 2019 declaration. Class counsel now planned to seek "$78,344.00 in expenses incurred in this action ($40,430.00 in Plaintiff's attorneys' costs and $37,914 in estimated Settlement Administrator expenses)." An order approved the revised notice and Uber agreed to pay mailing costs (Dkt. Nos. 162, 163, 177).

Despite the revised notice, plaintiff's motion left off the additional $37,914. Instead, counsel requested the same $40,430 previously requested, including $30,232 to pay "expert

2

1 costs." As explained, the $30,232 amount actually totaled $29,793.03 and included $5,701.23 to pay administrator expenses.

The order finally approving the settlement provided:

> Angeion Group charged $5,701.23 for its third-party administrator services. Angeion Group set up lists of e-mail addresses and other databases, sent e-mail class notices, processed responses, set up a call center, and continued to maintain that call center (*id.* ¶¶ 9–11). This expense did not include the most recent mailing of class notice. This expense is reasonable to organize and streamline the orderly distribution of this class action involving thousands of Uber drivers.

Two days later, after review of "the Court's proposed order[,]" class counsel filed a notice drawing attention to a supposed issue with the "the Court's present accounting," noting that "on November 19, 2019, and in its Proposed Order, the expenses related to the third-party administrator, Angeion Group [were] listed as $5,701.23" (Dkt. No. 170 at 2–3).

This order pauses to note that the district judge did not actually propose an order to the parties. Instead of filling in the blanks of plaintiff's proposed order, the undersigned took the time to prepare a twelve-page order explaining the evidence, law, and arguments considered in coming to the decision, including the amount counsel could deduct from the fund to pay its bills.

The supposed accounting error stemmed from counsel "inadvertently omit[ing]" $39,714 in additional administrative expenses from its final motion. Counsel also noted that the $5,701.23 approved in the "proposed order" — to be clear, the final order — "did not include the most recent mailing of class notice" and explained that the mailing was sent via first-class mail as ordered in July 2019. True. Per the parties' agreement, Uber agreed to and in fact did pay for that mailing (Dkt. No. 161 at 4).

An order denied plaintiff's late request, providing in full (Dkt. No. 172):

> The Court has received class counsel's notice filed on November 21, 2019 (Dkt. No. 170). In this notice — which "does not object" to the order granting final approval of settlement, attorney's fees, and expenses — counsel informed the Court that the motion for final approval "inadvertently omitted" an itemized request for $37,914 in expenses. Now, only after the motion had been granted and on the eve of the entry of final judgment, counsel realize the error. Without filing a formal motion, counsel inexplicably request that the Court slink this $37,914 out of the settlement fund when entering final

> judgment, and hand the money over to counsel. Counsel have submitted no receipts, no declarations, and no specific information on this purported $37,914 in expenses. Whatever this large amount was for should have been identified in counsel's motion for fees and expenses so that class members could have had their chance to scrutinize it and to object to it.
>
> Counsel's request also comes too late. Counsel moved for final approval on October 3, the hearing occurred on November 14, and an order granted the motion on November 19. In all this time, counsel stayed quiet, while the Court took the time to carefully review counsel's motion. Counsel's request is **DENIED**.

Twenty-eight days later, plaintiff filed a formal motion again asking for more administrator expenses to be reimbursed by the fund. Plaintiff's motion claims that "as the Court did not have a complete submission related to certain past and estimated future settlement administration expenses, the Court did not award *any* amounts to satisfy the incurred costs" (emphasis added). As such, plaintiff seeks "reconsideration of the Order to include the authorization of payment of the settlement administrator expenses" (Dkt. No. 175 at 2). In support, plaintiff now provides thirty pages of invoices issued to class counsel or Uber totaling $47,353.91. All but two invoices predate the hearing on plaintiff's fee motion.

Plaintiff does not clearly explain what expenses need authorization or if plaintiff instead seeks a blank check from the fund for any and all administrator expenses billed. According now to plaintiff, the following amounts are due to the administrator: Class counsel owes $4,857.09, Uber owes $9,020.50, and the fund owes $33,476.32. Counsel misrepresents what the first amount is. That amount is a portion of the $5,701.23 already awarded from the fund for the administrator's expenses. And, the second amount needs no authorization as Uber already paid it, separate from the settlement fund. Thus, the only amount that needs authorization is the additional $33,476.32. Still, that amount is inaccurate as it includes the estimated costs of mailing and postage of the settlement, at least $7,500, that Uber later agreed to pay separately (Dkt. No. 177-1). Thus, the additional amount sought is closer to $25,000.

After plaintiff filed this motion, another issue arose. On January 21, the day set for distribution of the settlement, the administrator applied for an extension of time to do so. In a brief response, Uber explained that the administrator notified the parties on January 21 that it would not distribute the funds until (1) after the court ruled on plaintiff's motion and (2) it

received at least $7,500 for the administrative cost of postage and mailing of the settlement. Uber agreed to pay the additional $7,500 over and above its obligations under the settlement.

Plaintiff moves for reconsideration. Uber does not oppose. The administrator applies for an extension of time to distribute the funds. This order follows.

**ANALYSIS**

Plaintiff's motion is based on the same arguments under Rules 59(e) and 60(b). "Under Rule 59(e), it is appropriate to alter or amend a judgment if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). This is "an extraordinary remedy which should be used sparingly." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (same). Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).

Under Rule 60(b), "the court may relieve a party . . . from a final judgment" for certain reasons, including: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) any other reason that justifies relief." The last reason "is available only where extraordinary circumstances prevented a litigant from seeking earlier, more timely relief." *Johnson v. CFS II, Inc.*, 628 Fed.Appx. 505, 505 (9th Cir. 2016) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)).

Nearly all of the twenty-five invoices plaintiff now provides predate plaintiff's fee motion, only two postdate the hearing, and one of those two is an estimate for over sixteen-thousand dollars in future expenses. These invoices and an estimate for future expenses could have been provided *before* filing the motion for final approval and before final judgment. Counsel failed to do so. No remedy is available under Rule 59 or Rule 60. *See Exxon Shipping Co.*, 554 U.S. at 485 n.5 (2008), *Johnson*, 628 Fed. Appx. at 505.

5

Plaintiff makes three arguments for reconsideration anyway. *First*, plaintiff contends that the revised class notice provided enough opportunity for the class to scrutinize and object to the full expenses class counsel intended to seek, even though counsel did not in fact seek those expenses. This argument responds to part of the November 22 order stating: "Whatever this large amount was for should have been identified in counsel's motion for fees and expenses so that class members could have had their chance to scrutinize it and to object to it." Counsel provides no explanation for equating the class notice with their fee motion. To the contrary, a diligent class member in receipt of the revised notice might reasonably decide against objecting after seeing that plaintiff's fee motion forewent the extra $37, 914.

*Second*, counsel argues that the "allocation of the settlement proceeds took into consideration that the settlement administrator's balance would be paid out of the fund[,]" so "payment of these settlement administration costs was already factored into the allocation that was communicated" to the class. In support, plaintiff relies on the order finally approving the settlement, which provided (Dkt. No. 169 at 7):

> [T]he net settlement will be distributed after expenses, attorney's fees, lead plaintiff's award, and the settlement administrator's balance are paid out of the settlement fund. The parties do not provide a renewed average settlement award, but the prior average settlement award would be approximately $42.87. This average provides a baseline for recovery as the amounts the class will receive have since increased.

The balance referred to, however, was that amount requested in plaintiff's motion, $5,701, not a blank check for any balance racked up by the settlement administrator. Indeed, the last sentence notes that class members will receive more than previously estimated, based on the fees and expenses actually approved. Allowing plaintiff or the administrator a blank check would put that recovery in jeopardy.

Counsel also relies on a non-binding district court decision, *Demmings v. KKW Trucking, Inc.*, 2018 WL 4495461 (D. Or. Sep. 19, 2018) (Jude Michael Simon), as an example of a decision where, "although the information that was submitted to the court related to the expenses was incomplete, the expenses were necessarily incurred, had been factored into the allocation of funds and were communicated to the class" (Dkt. No. 175 at 8). *Demmings* is

6

inapposite: The decision considered a timely motion for final approval of a settlement, the settlement agreement itself factored the expenses into the allocation of funds, and while the plaintiff failed to describe or itemize the administrator expenses, he did timely request the full amount he sought. Here, plaintiff's submission was incomplete because plaintiff "inadvertently omitted" over thirty-thousand dollars in administrator expenses, the court-approved allocation did not factor in what plaintiff left out, and now plaintiff seeks post-judgment equitable relief to fix this snafu. Rules 59 and 60 do not provide a remedy.

*Third*, plaintiff asserts that extraordinary equitable relief is appropriate primarily on the ground that the Court ordered the administrator to distribute the money owed to the class without also providing a blank check for the administrator's expenses. Counsel emphasizes that the work is court ordered and refers to the administrator as the court-appointed administrator. The undersigned appointed class counsel, not counsel's administrator. This final argument highlights a greater issue with plaintiff's motion. There is no equity in counsel refusing to pay the administrator it retained and preventing the distribution of the settlement to the class it purports to represent.

## CONCLUSION

For the reasons stated herein, plaintiff's motion is **DENIED**. The funds shall be distributed to the class by **FEBRUARY 14** at **NOON**.

**IT IS SO ORDERED.**

Dated: February 4, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE